AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| Stan Lee Media, Inc. <br> *Plaintiff* <br> v. <br> The Walt Disney Company <br> *Defendant* | Civil Action No. Misc. 2:13-mc-00014 <br> (If the action is pending in another district, state where: <br> D. of Colo. (No. 1:12-cv-02663)) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Stan Lee

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 9601 Wilshire Boulevard <br> Suite 700 <br> Beverly Hills, California 90210 | Date and Time: <br> 02/19/2013 10:00 am |
|---|---|

The deposition will be recorded by this method: <u>Stenographically, Instant Visual Display Software Videotape</u>

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment 1

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: JAN 30 2013

CLERK OF COURT

MARILYN DAVIS

*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Stan Lee Media, Inc.
_____, who issues or requests this subpoena, are:
Robert S. Chapman, Eisner Kahan & Gorry, P.C., 9601 Wilshire Boulevard, Suite 700, Beverly Hills, California 90210, rchapman@eisnerlaw.com (310) 855-3200



PAID

JAN 3 0 2013

Clerk, US District Court
COURT 4612

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. Misc.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* Stan Lee
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT "1"

## DEFINITIONS

As used herein, the following terms shall have the following defined meanings:

1. The terms **"YOU"** and **"YOUR"** mean Stan Lee and his representatives, employees, agents, managers, attorneys, accountants, predecessors, and any **PERSONS** acting on his behalf, and each of them.

2. The term **"SLMI"** means plaintiff Stan Lee Media, Inc. and its representatives, employees, agents, managers, attorneys, accountants, affiliated entities, predecessors (including, without limitation, Stan Lee Entertainment, Inc.), successors, and any **PERSONS** acting on its behalf, and each of them.

3. The term **"MARVEL"** means and includes Marvel Enterprises, Inc., Marvel Entertainment, LLC, Marvel Studios, LLC, Marvel Characters, Inc., Marvel Property, Inc., and their subsidiaries, affiliated entities, predecessors, successors, representatives, employees, agents, managers, attorneys, accountants, and any **PERSONS** acting on their behalf, and each of them.

4. The term **"DISNEY"** means and includes The Walt Disney Company, Disney Enterprises, Inc., The Walt Disney Studios, and their subsidiaries, affiliated entities, predecessors, successors, representatives, employees, agents, managers, attorneys, accountants, and any **PERSONS** acting on their behalf, and each of them.

5. The terms **"PERSON"** and **"PERSONS"** mean all individuals and entities, including, without limitation, all proprietorships, associations, companies, partnerships, joint ventures, corporations and estates.

6. The terms **"DOCUMENT"** and **"DOCUMENTS"** as used herein mean any written, printed, typed, or other graphic matter of any kind or nature, however produced or reproduced, whether or not sent or received, private or confidential, final or draft, including drafts and copies bearing notations or marks not found on the original, or which otherwise differ

from the original and includes, but is not limited to, all books, records, memoranda, reports, notes, transcripts, letters, electronic recordings of any kind (including computer program files, data files, source code, CD-ROM, electronic mail, computer hard drives or anything similar to the foregoing), telegrams, cables, telex messages, facsimile cover sheets, ledgers, files, agreements, written communications of any type, correspondence, messages (including reports, notes, notations, and memoranda of or relating to telephone conversations, telegrams, conversations, meetings, conferences, and any oral communication), work papers, worksheets, purchase orders, statements, bills, invoices, receipts, summaries, opinions, journals, desk calendars, appointment books, time sheets, diaries, lists, photographs, videotapes, and other data compilations from which information can be obtained. It additionally includes stored or retrievable information in any form.

7.  The term **"COMMUNICATIONS"** as used herein means any and all contact between two or more **PERSONS** including, without limitation, all written contact by such means as letters, memoranda, telegrams, and e-mail and including, without limitation, all oral contact by such means as face-to-face meetings and telephone conversations.

8.  Any words used in the singular form shall also embrace and be read and applied as the plural form, and vice versa.

9.  The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

## INSTRUCTIONS

The **DOCUMENTS** to be produced are those within **YOUR** possession, custody or control. If **YOU** object to any request for production or part thereof on the basis of attorney work product, attorney-client privilege, or other privilege or protection, identify the privilege or protection claimed, as well as each **DOCUMENT** for which such privilege or protection is claimed, together with the following information with respect to

each such **DOCUMENT**:

    (1)    the date of the **DOCUMENT**;

    (2)    the name of its author(s);

    (3)    the name of each recipient;

    (4)    a general description of the subject matter;

    (5)    the location or custodian of each copy; and

    (6)    the basis of any claim of privilege.

If there is any request for production to which **YOU** can respond only in part, **YOU** are required to provide as complete a response as possible.

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1:**

All DOCUMENTS, including COMMUNICATIONS, which constitute, or which refer or relate to, any agreements between YOU and SLMI concerning the rights to characters, stories and/or ideas created, in whole or in part, by YOU.

**REQUEST NO. 2:**

All DOCUMENTS, including COMMUNICATIONS, which constitute, or which refer or relate to, any agreements between YOU and MARVEL concerning the rights to characters, stories and/or ideas created, in whole or in part, by YOU.

**REQUEST NO. 3:**

All DOCUMENTS, including COMMUNICATIONS, which constitute, or which refer or relate to, any agreements between YOU and DISNEY concerning the rights to characters, stories and/or ideas created, in whole or in part, by YOU.

**REQUEST NO. 4:**

All DOCUMENTS, including COMMUNICATIONS, regarding the Employment Agreement/Rights Assignment between YOU and SLMI effective as of October 15, 1998 and any amendments thereto.

**REQUEST NO. 5:**

All DOCUMENTS, including COMMUNICATIONS, regarding the Employment Agreement between YOU and MARVEL effective as of November 1, 1998.

**REQUEST NO. 6:**

All DOCUMENTS which constitute, or which refer or relate to, COMMUNICATIONS regarding YOUR ownership of any and all characters, stories and/or ideas created, in whole or in part, by YOU.

**REQUEST NO. 7:**

Complete transcripts of YOUR deposition and trial testimony in connection with any prior or pending litigation, action, proceeding or matter.

**REQUEST NO. 8:**

All DOCUMENTS which constitute, or which refer or relate to, SLMI's corporate books and records from 1998 to the present.

**REQUEST NO. 9:**

All DOCUMENTS which constitute, or which refer or relate to, any and all financial statements of SLMI from 1998 to the present.

**REQUEST NO. 10:**

All DOCUMENTS, including COMMUNICATIONS, which reflect, or which refer or relate to, SLMI's assets from 1998 to the present.

**REQUEST NO. 11:**

All DOCUMENTS, including COMMUNICATIONS, which reflect, or which refer or relate to, SLMI's intellectual property rights from 1998 to the present.

**REQUEST NO. 12:**

All DOCUMENTS, including COMMUNICATIONS, which constitute, or which refer or relate to, any agreements between SLMI and DISNEY from January 1998 to the present.

**REQUEST NO. 13:**

All DOCUMENTS, including COMMUNICATIONS, which constitute, or which refer or relate to, any agreements between SLMI and MARVEL from January 1998 to the present.

**REQUEST NO. 14:**

Copies of any and all joint defense agreements, common interest agreements, and/or other types of litigation-related agreements between YOU and MARVEL.

**REQUEST NO. 15:**

Copies of any and all joint defense agreements, common interest agreements, and/or other types of litigation-related agreements between YOU and DISNEY.

**REQUEST NO. 16:**

Copies of any and all joint defense agreements, common interest agreements, and/or other types of litigation-related agreements between SLMI and MARVEL.

**REQUEST NO. 17:**

Copies of any and all joint defense agreements, common interest agreements, and/or other types of litigation-related agreements between SLMI and DISNEY.

**REQUEST NO. 18:**

All COMMUNICATIONS between SLMI and MARVEL from January 1998 to the present.

**REQUEST NO. 19:**

All COMMUNICATIONS between SLMI and DISNEY from January 1998 to the present.



# EISNER KAHAN
## GORRY CHAPMAN ROSS & JAFFE
A Professional Corporation

January 30, 2013

<u>*Via Hand Delivery*</u>

Clerk of the Court
U.S.D.C. Central Dist. of California
312 North Spring Street
Los Angeles, CA 90012

    Re:   *Stan Lee Media, Inc. v. The Walt Disney Co.*
           *U.S.D.C. (Colorado) Case No. 12-cv-02663*

To the Clerk of the Court:

    We are seeking issuance of a deposition subpoena to a non-party in the Central District. We are enclosing the original and a copy of the completed subpoena to Stan Lee (Form AO-88A), a check in the amount of $46.00, and a self-addressed stamped envelope. We ask that you issue the enclosed subpoena, assign a miscellaneous case number for the matter, and return the subpoena to us in the enclosed self-addressed stamped envelope.

    Thank you for your assistance.

                                                         Best regards,

                                                          Robert S. Chapman

RSC/aws
Enclosures